**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4666

STACY COLE JUSTICE, a/k/a Stacey
Cole Justice,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-96-1020-WBT)

Submitted: September 15, 1998

Decided: October 8, 1998

Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Stacy Cole Justice pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), and received a 51-month sentence. Justice noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but challenging Justice's Fed. R. Crim. P. 11 proceeding and the four-level enhancement of Justice's offense level under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1995). Justice has filed a supplemental brief claiming that the indictment was deficient. Finding no error, we affirm.

A caller informed Westminster, South Carolina, police that a man at a residence had a gun and was threatening to kill a number of people. Two officers responded to the call. They found Justice holding a handgun and struggling with Boyd Abercrombie. Justice pointed the gun at one of the police officers. Finally, another victim, Tim Compton, disarmed Justice, who was arrested. Justice had a previous conviction for manslaughter. The firearm was not manufactured in South Carolina.

Counsel first asserts that the district court did not comply with Fed. R. Crim. P. 11 but offers no specific examples of noncompliance. Our review of the plea colloquy reveals that the court ascertained that Justice was competent to enter a plea and that he was satisfied with his attorney's performance. Justice stated that there was a factual basis for his plea. The district court fully explained--and Justice acknowledged that he understood--the rights that he was waiving and the penalties that he faced. The court concluded that Justice knowingly and voluntarily entered his guilty plea. The record discloses full compliance with Rule 11.

2

Counsel also contends that Justice should not have received a four-level enhancement under USSG § 2K2.1(b)(5) for using or possessing a firearm in connection with another felony offense. Justice entered an Alford plea, see North Carolina v. Alford, 400 U.S. 25 (1970), to state felony charges lodged against him in connection with the events giving rise to his federal conviction. At sentencing, Officer Barber testified that Justice pointed the gun in a threatening manner at Abercrombie. Justice then pointed the gun towards Officer Barber. Justice denied threatening anyone with the gun although he admitted possessing it. The district court credited Officer Barber's testimony over that of Justice. In light of Officer Barber's testimony, the district court's credibility determination was not clearly erroneous, and the enhancement was proper.

In his pro se supplemental brief, Justice contends that the indictment was flawed because it did not allege a sufficient nexus between the firearm and interstate commerce. He appears to believe that the district court was without jurisdiction because of this alleged deficiency. We note initially that Justice's guilty plea waives all prior nonjurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). In any event, the indictment sufficiently apprised Justice of the essential elements of the charge against him. Notably, the indictment charged that Justice, a convicted felon, had possessed a firearm that "had been shipped and transported in interstate commerce."

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3